IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-62,425-02






EX PARTE KEITH THURMOND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 01-12-07721-CR FROM THE


410TH JUDICIAL DISTRICT COURT OF MONTGOMERY COUNTY





 Price, J., filed a dissenting statement in which Johnson and Alcala, JJ.,
joined.


DISSENTING STATEMENT



 This is a subsequent application for writ of habeas corpus in which the applicant
attempts to meet the threshold requirements for consideration under Article 11.071, Section
5 of the Texas Code of Criminal Procedure. (1) In it he claims that his trial lawyers provided
constitutionally ineffective assistance of counsel in that they failed to conduct an adequate
investigation into the existence of evidence mitigating against the death penalty in
preparation for the punishment phase of his capital murder trial, as required by the United
States Supreme Court in Wiggins v. Smith. (2) The applicant presents facts suggesting that his
trial counsel waited until the week before his trial commenced to begin a mitigation
investigation in earnest, and that, because of this untimely start, they did not uncover readily
available evidence of substantial physical and emotional abuse inflicted upon the applicant
and his siblings during their upbringing, as well as upon his mother, by the applicant's
alcoholic and mentally unstable father. It seems to me that the applicant has proffered a
colorable claim of ineffective assistance of counsel at the punishment phase of his trial.

 The problem, of course, is that he could have raised this claim in his initial post-conviction application for writ of habeas corpus, but he did not. Ordinarily, the failure to
raise a claim in an initial writ application will bar consideration of the merits of that claim
in a subsequent writ application challenging a capital conviction or death sentence, and we
have held in the past that the ineffectiveness of initial state habeas counsel does not enable
a subsequent writ applicant to overcome that bar. (3) But recently the United States Supreme
Court granted review and heard oral argument in Martinez v. Ryan, (4) in order to consider
whether a post-conviction habeas corpus applicant ought to be regarded as constitutionally
entitled to the effective assistance of initial state habeas counsel at least with respect to
claims that may only be raised for the first time in the habeas corpus forum. (5) Since granting
review in Martinez, the Supreme Court has stayed the execution of a pair of condemned
Texas inmates who argued, as does the applicant today, that the ineffectiveness of initial state
habeas counsel with respect to an issue that may be raised for the first time only in a post-conviction application for writ of habeas corpus proceeding ought to justify allowing the
inmate to raise that issue for the first time in a subsequent writ application. (6) For reasons
already expressed in my dissenting statements in Ex parte Foster, (7) Ex parte Balentine, (8) the
second Ex parte Foster, (9) Ex parte Garcia, (10) Ex parte Hernandez, (11) and, most recently, Ex
parte Adams, (12) because this Court will not stay the applicant's impending execution until the
Supreme Court can dispose of Martinez, Balentine, and Foster, (13) I respectfully dissent.


FILED: February 29, 2012

DO NOT PUBLISH
1. Tex. Code Crim. Proc. art. 11.071, § 5.
2. 539 U.S. 510 (2003).
3. Ex parte Graves, 70 S.W.3d 103 (Tex. Crim. App. 2002).
4. 131 S.Ct. 2960 (2011).
5. The question presented in Martinez is: "Whether a defendant in a state criminal case who
is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial
counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has
a federal constitutional right to effective assistance of first post-conviction counsel specifically with
respect to his ineffective-assistance-of-trial-counsel claim." Martinez v. Ryan, 2011 WL 3467246,
at i (Appellate Brief) (U.S. Aug. 4, 2011). While defendants in criminal cases in Texas are not
absolutely prohibited by law from challenging the effectiveness of their trial counsel on direct
appeal, such claims typically call for extensive factual development beyond what is disclosed in the
appellate record, and thus, as a practical matter, post-conviction habeas corpus is the first opportunity
to raise them. Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).
6. See Balentine v. Texas, 131 S.Ct. 3017 (2011); Foster v. Texas, 132 S.Ct. 69 (2011).
7. 2010 WL 5600129, WR-65,799-02 (Tex. Crim. App. delivered Dec. 30, 2010) (not
designated for publication) (Dissenting Statement of Price, J., joined by Holcomb, J.).
8. WR-54,071-03 (Tex. Crim. App. delivered June 14, 2011) (not designated for publication)
(Dissenting Statement of Price, J., joined by Johnson and Alcala, JJ.).
9. 2011 WL 4071983, WR-65,799-03 (Tex. Crim. App. delivered Sept. 12, 2011) (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack, J.).
10. 2011 WL 5189081, WR-66,977-02 (Tex. Crim. App. delivered Oct. 27, 2011) (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack and Johnson, JJ.).
11. 2012 Tex. Crim. App. Unpub. LEXIS 55, WR-69,470-02 (Tex. Crim. App. delivered Jan.
23, 2012) (not designated for publication) (Dissenting Statement of Price, J., joined by Womack and
Johnson, JJ.).
12. 2012 WL 476538, WR-68,066-03 (Tex. Crim. App. delivered Feb. 15, 2012) (not designated
for publication) (Dissenting Statement of Price, J.).
13. Just last month, the Supreme Court decided another case that was argued on the same day
it heard oral argument in Martinez. See Maples v. Thomas, 132 S.Ct. 912 (2012). There is no reason
to think that the Supreme Court will not decide Martinez in the very near future.